United States District Court
Southern District of Texas
**ENTERED**
June 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BREEN DE BREE, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. H-18-4711 |
| PACIFIC DRILLING SERVICES, INC., et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge for all pretrial proceedings is Plaintiff's Motion to Remand (Document No. 8), in which Plaintiff argues that the Court does not have subject matter jurisdiction over this case because "[c]omplete diversity does not exist" and none of the named Defendants were improperly joined.

Having considered the motion, the response, and additional briefing, the claims and allegations in the pleadings, the applicable law, and the evidence that can be considered for jurisdictional purposes when fraudulent joinder is alleged, the Magistrate Judge RECOMMENDS for the reasons set forth below, that Plaintiff's Motion to Remand (Document No. 8) be DENIED.

### I.   Background

This is a personal injury/Jones Act seaman case, which was filed by Plaintiff Breen De Bree ("De Bree") in state court and removed by Defendants Pacific Drilling Services, Inc., Pacific Drilling, Inc. and Rex Covens to this Court on the basis of diversity. Defendants, all of which/whom are or can be considered Texas residents, alleged in their Notice of Removal that they had been fraudulently joined as defendants in order to prevent removal under 28 U.S.C. § 1441(a)(2). Within thirty days of removal, De Bree filed a Motion to Remand (Document No. 8).

In that motion, De Bree maintains that there is not complete diversity, and that Defendants were not fraudulently joined. De Bree also, on the same date he filed his Motion to Remand, filed a First Amended Complaint (Document No. 9), adding two Defendants, Pacific Drilling Manpower, Ltd. and Pacific Santa Ana Sarl, and adding an allegation of intentional conduct on the part of Defendant Rex Covens.

De Bree, in his Motion to Remand, argues that the issues to be decided are: (1) whether diversity jurisdiction exists; and (2) whether Defendants Pacific Drilling Services, Inc., Pacific Drilling, Inc. and Rex Covens were properly joined. The Magistrate Judge concludes that diversity jurisdiction exists and that Defendants Pacific Drilling Services, Inc., Pacific Drilling, Inc. and Rex Covens were all improperly joined.

While not alleged in the state court pleading (or in the subsequently filed First Amended Complaint), De Bree is a citizen of the Netherlands. Defendants Pacific Drilling Services, Inc., and Pacific Drilling, Inc. are Delaware corporations, with their principal places of business in Houston, Texas. Rex Covens is a citizen of, and resides in, Texas. As between De Bree and the Defendants then named as parties on the date the case was removed, complete diversity existed.

As for the fraudulent joinder issue, that relates to whether the case was removable – not whether complete diversity existed. 28 U.S.C. § 1441(b)(2) provides in that regard:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Although not specifically relied upon by De Bree in his Motion to Remand, the undersigned construes his arguments for remand as being based on the non-removability provision in § 1441(b)(2), and that is where the parties' arguments relative to fraudulent joinder come into play.

## II. Fraudulent Joinder Standard of Review

The central inquiry for fraudulent or improper joinder is to "determine whether or not the in-state defendant was properly joined." *Smallwood v. Illinois Central R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Courts have recognized two ways to establish improper joinder. *Alviar v. Lilliard*, 854 F.3d 286, 289 (5th Cir. 2017). First, improper joinder can be established by showing "actual fraud in the pleading of jurisdictional facts." *Alviar*, 854 F.3d at 289. Second, improper joinder can be established by showing that the plaintiff cannot "establish a cause of action against the nondiverse party in state court." *Id.* Under the second method, which is at issue here, "the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or nondiverse defendant," or, stated differently, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Smallwood*, 385 F.3d at 573). In deciding whether or not one has been fraudulently joined, courts can use "a summary judgement-like procedure for disposing of fraudulent joinder claims." *Cavallini v. State Farm Mut. Ins.*, 44 F.3d 256, 265 (5th Cir. 1995) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98,100 (5th Cir. 1990)). This means that in determining whether there has been fraudulent joinder, courts can consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini.*, 44 F.3d at 263 (citing *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994)).

## III. Discussion

Pacific Drilling Services, Inc. and Pacific Drilling, Inc. and Covens argue that they were fraudulently joined, and thus should be excluded for purposes of removal jurisdiction. Pacific Drilling Services, Inc. and Pacific Drilling, Inc. argue that De Bree has failed to state a cause of action against Pacific Drilling Services, Inc. and Pacific Drilling Inc. for Jones Act negligence or

3

unseaworthiness because the credible evidence establishes that Pacific Services, Inc. and Pacific Drilling, Inc. were neither De Bree's employer nor the owners or operators of the Pacific Santa Ana at the time of De Bree's alleged injury. Covens argues that De Bree has failed to state cause of action against him because the negligence-based claims alleged against him in De Bree's original petition cannot be maintained against a co-employee, which is what he was.

A.  **Pacific Drilling Services, Inc. and Pacific Drilling, Inc.**

1.  **De Bree's negligence claims under the Jones Act**

Under the Jones Act, a seaman injured in the course of employment may elect to bring a civil action at law against their employer. 46 U.S.C.S. § 883 (LEXIS through PL 116-17). This section of the Jones Act has been interpreted to "give rights to employees against employers and against no other." *Roth v. Cox*, 210 F.2d 76, 78 (5th Cir. 1954). Therefore, the Jones Act is only "applicable if the employment relationship exists." *Baker v. Raymond Int'l, Inc.*, 656 F.2d at 173, 176 (5th Cir. Sept. 1981).

De Bree's factual allegations, coupled with the evidence in the record, would not allow a district court to make a reasonable inference that Pacific Drilling Services, Inc. and Pacific Drilling, Inc. were De Bree's employers at the time of De Bree's alleged injury. On the contrary, the evidence shows that Pacific Drilling Manpower Ltd. was De Bree's employer at all relevant times. According to the Declaration of Lisa Buchanan, senior vice president, general counsel and secretary of Pacific Drilling Services, Inc. and Pacific Drilling, Inc., De Bree "has never been employed by Pacific Drilling Services, Inc. [or] Pacific Drilling, Inc." (Document No. 11-2 at 1). Also, as stated by Johannes Boots, Director and Treasurer of Pacific Drilling Manpower Ltd, "[a]t the time of the alleged injury, on or about May 26, 2018, the plaintiff, Breen De Bree, was employed with Pacific Drilling Manpower Ltd." (Document No. 11-3 at 2). Nothing in the record

4

contradicts this showing of Pacific Drilling Manpower, Ltd. as the entity employing De Bree at the time of his alleged injury. As such, a district court would have no reasonable basis to predict De Bree could recover against Pacific Drilling Services, Inc. and Pacific Drilling, Inc. for negligence or gross negligence under the Jones Act.

### 2. De Bree's unseaworthiness claim

Under general maritime law, to be liable for a claim of unseaworthiness the defendant "must be in the relationship of an owner or operator of the vessel." *Baker*, 656 F.2d at 181.

De Bree's factual allegations, coupled with the evidence in the record, would not allow a district court to make a reasonable inference that Pacific Drilling Services, Inc. and Pacific Drilling, Inc. were the owners or operators of the Pacific Santa Ana, the vessel on which De Bree's alleged injury occurred. The Bareboat Charter De Bree relies on to allege that Pacific Drilling Services, Inc. and Pacific Drilling, Inc. were the owners or operators of the Pacific Santa Ana, shows, instead, that Pacific Santa Ana Sarl owned, operated, and controlled Pacific Santa Ana during the relevant period. The Bareboat Charter identifies Pacific Santa Ana Sarl as the owner of the vessel, and Pacific Drilling, Inc. as the charterer of the vessel. The Bareboat charter also provides for the termination of the charter upon the return of the vessel to international waters. *See* sections 2, 4, and 15 of the Bareboat Charter Agreement (Document No. 11-4 at pp. 2, 4 and 12). According to Defendants, this occurred well before De Bree was injured, at a time when "neither Pacific Drilling Services, Inc. nor Pacific Drilling, Inc. owned, operated and/or managed the vessel named the PACIFIC SANTA ANA." *See* Buchanan Declaration at ¶ 4 (Document No. 11-2 at 1). Based on this evidence in the record, a district court would have no reasonable basis to predict De Bree could recover against Pacific Drilling Services, Inc. and Pacific Drilling, Inc. on a claim of unseaworthiness.

Despite the ownership and operator showing in the record, De Bree argues that all Pacific Drilling entities, affiliates, and subsidiaries should be considered as one "company" for purposes of establishing that Pacific Drilling owned or operated the Pacific Santa Ana. For this argument, De Bree points to the statements of Pacific Drilling S.A.'s Chief Executive Officer, Paul T. Reese, in Pacific Drilling's bankruptcy proceeding that "Pacific Drilling owns all of its drillships," and that "dedicated teams provide management and corporate services through wholly-owned subsidiaries, chiefly Pacific Drilling Services, Inc." (Document No. 8-2 at pp. 3 and 4). Other than this broad generalization by Pacific Drilling S.A.'s Chief Executive Officer, De Bree has provided no facts or evidence to show that Pacific Drilling had control over all its subsidiaries, including Pacific Santa Ana Sarl, which owned and operated the Pacific Santa Ana on the date of De Bree's alleged injury, to such a degree that they could be considered an alter ego or instrumentality of the company. *FMC Fin. Corp. v. Murphree*, 632 F.2d 413, 422 (5th Cir. 1980) ("To find the parent liable for the acts of the subsidiary, it must be shown that there is control by the parent to such a degree that the subsidiary has become a mere alter ego or instrumentality"). For purposes of alter ego liability, the parent company's control must "amount to total domination of the subsidiary by the parent." *FMC*, 632 F.2d at 422. Under this standard, Reese's statements in the bankruptcy proceedings are not evidence that Pacific Drilling was the alter ego of all its subsidiaries, including Pacific Santa Ana Sarl.

Because the evidence shows that neither Pacific Drilling Services, Inc. nor Pacific Drilling. Inc. owned or operated the Pacific Santa Ana on the date of De Bree's injury aboard the vessel, a district court would have no reasonable basis to predict De Bree could recover against Pacific Drilling Services, Inc. and Pacific Drilling, Inc. on a claim of unseaworthiness.

**B.     Covens**

Under general maritime law, "[a] seaman may not recover against a co-employee for negligence." *Hussaini v. Marine Transp., Inc.*, 1998 U.S. App. LEXIS 39662 at *3 (5th Cir. Sept. 8, 1998); *see also Roth v. Cox*, 210 F.2d 76, 78 (5th Cir. 1954) ("[T]here is nothing in the Jones Act which grants to seaman a right to bring an action against anyone except his employer"). That means that De Bree cannot maintain a negligence-based claim against Covens if Covens was De Bree's co-worker, or co-employee. De Bree argues in this regard, despite allegations in his original petition that Covens was a "co-worker," that Covens was not a co-employee because it is unclear who employed Covens. Defendants counter that Covens can and should be considered De Bree's co-employee under the "borrowed servant doctrine."

Under the borrowed servant doctrine, a worker can become a "borrowed employee" for another company "if enough control over the worker is assumed." *Roberts v. Williams-McWilliams*, 648 F.2d 255, 262 (5th Cir. June 1981). Thus, an employee can have both a nominal and an actual employer. *Baker*, 656 F.2d at 178. The nominal employer is the one paying the employee, and the actual employer is the one controlling and directing the employee's work. *Id.* "The central question in borrowed servant cases is whether someone has the power to control and direct another person in the performance of his work." *Hall v. Diamond M Co.*, 732 F.2d 1246, 1249 (5th Cir. 1984) (citing *Hebron v. Union Oil Co. of Cal.*, 634 F.2d 245, 247 (5th Cir. Jan. 1981); *see Baker*, 656 F.2d at 178 (citing *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977) ("An injured worker may show that he was a borrowed servant at the time of his alleged injury by establishing that the employer against whom recovery is sought had 'the power to control and direct the (servant) in the performance of (his) work"); *see also* Restatement (second) of Agency

§ 227 ("A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services").

Here, De Bree's factual allegations, coupled with the evidence in the record, would not allow a district court to make a reasonable inference that Covens was anything other than De Bree's co-worker at the time of De Bree's alleged injury. Although De Bree and Covens may be on payrolls for different companies, the borrowed servant doctrine allows for them to be considered co-workers. According to Defendants, De Bree and Covens both worked as mud system operators on the same vessel, the Pacific Santa Ana, at the time of De Bree's injury. (Document No. 12 at 17). Plaintiff's allegations support the Defendant's statements, referring to Plaintiff and Covens as working together on the Pacific Santa Ana. (Document No. 8 at 8). In addition, De Bree alleged in his original petition that Covens was his "co-worker." The inference from De Bree's allegations in his original petition is that he and Covens were being controlled and directed under the same master while performing their jobs for the same task. *See* Original Petition ¶ 9 (Document No. 1-2 at 2). There is, therefore, no reasonable possibility of recovery by De Bree against Covens for negligence or gross negligence.

As for De Bree's new allegation in the Amended Complaint -- that Covens committed an intentional tort -- while it is true that a plaintiff can bring an intentional tort claim against a co-employee, *Pearson v. Rowan Co.*, 674 F. Supp. 558, 560 (E.D. La. 1987), a plaintiff cannot use such an amendment to defeat removal jurisdiction because jurisdiction is to be determined "on the basis of the state court complaint at the time of removal." *Cavallini*, 44 F.3d at 265. Here, at the time of removal, De Bree's pleading did not describe Covens' acts as intentional. (Document No. 1-2 at 4). As such, as of the date of removal, De Bree had not alleged a viable claim against Covens given Covens' status as a co-employee. De Bree's after-the-fact attempt to include an allegations

of intentional conduct as against Covens cannot be used to provide a basis for disputing the propriety of removal. *See Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (noting the consideration of the affidavits filed after removal in the amended complaint could be considered in deciding whether to remand because they clarified any jurisdictional ambiguity in the state court complaint); *Cavallini,* 44 F.3d at 265 ("*Dow* does not stand for the proposition that, after a fraudulent joinder removal, a plaintiff may amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction"). Consequently, as of the date of removal, a district court would have no reasonable basis to predict that De Bree could recover against Covens on his negligence-based claims. Covens was therefore fraudulently joined, and his Texas citizenship has no bearing on the propriety of Defendants' removal under § 1441(b)(2).

## IV.   Conclusion and Recommendation

Based on the foregoing, and the conclusions that: (1) the parties are diverse and (2) the case was properly removed given the fraudulent joinder of the in-state Defendants (Pacific Drilling Services, Inc., Pacific Drilling, Inc., and Rex Covens), the Magistrate Judge RECOMMENDS that Plaintiff's Motion to Remand (Document No. 8) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); Ware v. King, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930 (1983); *Nettles v. Wainwright,* 677 F.2d 404 (5th

Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, this __17th__ day of June, 2019.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE