United States District Court
Southern District of Texas
**ENTERED**
October 30, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BREEN DE BREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-18-4711 |
| | § | |
| PACIFIC DRILLING SERVICES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the undersigned Magistrate Judge are Motions to Dismiss filed by the two remaining Defendants in this case: Pacific Santa Ana Sarl and Pacific Drilling Manpower, Ltd. (Document Nos. 31 & 32). Both motions seek dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(5) for insufficient service of process, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Having considered the motions, the responses, replies and additional briefing, the claims alleged, and the evidence in the record, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that both Motions to Dismiss (Document Nos. 31 & 32) be GRANTED and that Plaintiff's claims against the remaining defendants be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) for lack of personal jurisdiction, and for failure to state a claim.

## I.    Background

This is a Jones Act personal injury case that was filed by Plaintiff Breen De Bree, a Dutch citizen, in state court, against Pacific Drilling, Inc., Pacific Drilling Services, Inc. and Rex Covens. The case was removed to this Court and Defendants all filed Motions to Dismiss, arguing that they

each had been improperly joined as Defendants.  While facing those Motions to Dismiss, De Bree filed an Amended Complaint (Document No. 9), adding two new Defendants to the case: Pacific Drilling Manpower, Ltd. and Pacific Santa Ana Sarl.  On July 26, 2019, it was determined that the original Defendants - Pacific Drilling, Inc., Pacific Drilling Services, Inc. and Rex Covens - were all improperly joined, and they were each dismissed.  That left Defendants Pacific Santa Ana Sarl ("Pacific SAS") and Pacific Drilling Manpower, Ltd. ("Pacific Manpower, Ltd."), both of which have moved for dismissal under Rules 12(b)(2), 12(b)(5) and 12(b)(6).  As is relevant to those Motions to Dismiss, De Bree alleges in the First Amended Complaint that:

> 8.      Defendant Pacific Drilling Manpower, Ltd, is a foreign corporation with its principal place of business and nerve center in Houston, Texas.  This Defendant is a citizen of Texas.  Defendant Pacific Drilling Manpower, Ltd. is registered to conduct business in the State of Texas with Texas taxpayer number 32051415001.  Upon information and belief this Defendant does not have a registered agent for service on file with the Secretary of State for the State of Texas.  This Defendant may be served with process through the Secretary of State for the State of Texas.  See Tex. R. Civ. Proc. Rule 103; Tex. Civ. Prac. & Rem. Code § 17.026.  Service can be made via certified mail to Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas  78711-2079.

> 9.      Defendant Pacific Santa Ana Sarl is a foreign corporation with its principal place of business and nerve center in Houston, Texas.  This Defendant is a citizen of Texas.  This Defendant may be served with process through the Hague Convention.

Plaintiff's First Amended Complaint (Document No. 9) at 2-3.  De Bree also alleges that on May 26, 2018, while he was working on the PACIFIC SANTA ANA, "he was struck in the face with a scaffolding pole."  As the evidence in the record has already shown, De Bree was employed by Pacific Manpower, Ltd. at the time of his alleged injury (Document No. 12-2), and the PACIFIC SANTA ANA was owned by Pacific SAS at the time of his alleged injury (Document Nos. 11-4 and 12-3 at 1-3).  Although De Bree does not allege where the injury took place, the evidence in the

2

record, not controverted in any regard by De Bree, is that he was injured while aboard the PACIFIC SANTA ANA, which was anchored in the territorial waters of Spain.

In their Motions to Dismiss, Pacific SAS and Pacific Manpower Ltd. first argue that the Court lacks personal jurisdiction over them because they do not do business in Texas, nor do they have continuous and systematic contacts with the State of Texas. Second, they argue that they were not properly served. Third, and finally, they argue that Plaintiff cannot maintain his personal injury claims against them because 46 U.S.C. § 30105(b) precludes such claims in this forum. De Bree, in response to both motions, argues that both Defendants have some contact with the forum through their agent/employee Johnnes Boots who resides here, and through Rex Covens, who also resides in this forum. De Bree additionally argues that he should be able to conduct discovery to determine whether Defendants are alter egos of a US-forum based parent corporation whose contacts with the forum could be imputed to Defendants. As for the service issue, De Bree argues that both Defendants have sufficient notice of this case, and that the case should not be dismissed based on any procedural imperfections in the method of service utilized. Finally, De Bree argues that there is an exception to the statutory provision relied upon by Defendants (§ 30105), and that they should be afforded an opportunity to conduct discovery on that exception prior to the Court's consideration of Defendants' Rule 12(b)(6) motion.

Because the evidence in the record shows that the Court lacks personal jurisdiction over the remaining Defendants and that De Bree has not stated a plausible claim against them given the statutory restriction set forth in 46 U.S.C. § 30105(b), the Magistrate Judge RECOMMENDS that De Bree's claims be dismissed on that basis without reaching the sufficiency of service issue.

## II.     Discussion

### A.     Personal Jurisdiction

Defendants Pacific SAS and Pacific Manpower, Ltd. argue that the Court does not have personal jurisdiction over them because their principal places of business were either Luxembourg or the British Virgin Islands, and they have no contacts with this forum.   De Bree, in response, argues that there is no evidence to refute his allegations that Defendants' principal place of business is in this forum, that at least two of Defendants' employees are based in this forum, and that he should be allowed to conduct jurisdictional discovery before there is any determination about whether the Court has personal jurisdiction over Defendants.

A federal court may exercise jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).  Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. *Id.*

Due process requirements for exercising personal jurisdiction over a nonresident have been defined by the United States Supreme Court in a familiar body of case law, and have been more recently explained and applied by the Fifth Circuit in *Monkton Insurance Services v. Ritter*, 768 F.3d 429 (5th Cir. 2014).  The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 66

S. Ct. 154, 158 (1945). A minimum contacts analysis involves more than counting the nonresident's contacts with the forum. *See Stuart v. Spademan*, 772 F.2d 1185, 1189-90 (5th Cir. 1985). Rather, the Court "must determine whether the nonresident has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (citation omitted).

Two types of personal jurisdiction are recognized: "specific" and "general." General jurisdiction exists when "the defendant's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Monkton*, 768 F.3d at 432 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 28446, 2851 (2011)). Specific jurisdiction, in contrast, exists when the cause of action relates to or arises out of the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S. Ct. 1868, 1872 n.8 (1984).

A three-part inquiry is used to determine whether specific jurisdiction exists. Under that three-part analysis, the Court must determine:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Monkton*, 768 F.3d at 433 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). As for general jurisdiction over a corporation, it exists where the defendant's contacts are so "continuous and systematic" that the defendant is "essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). With respect to general jurisdiction over a corporation, it exists

5

in the "place of incorporation" or where the corporation maintains its "primary place of business." *Jones v. Artists Rights Enforcement Corp.*, ___ F. App'x ___, 2019 WL 5406260 *2 (5th Cir. Oct. 22, 2019); *see also Wartsila N. Am., Inc. v. Int'l Ctr. for Dispute Resolution*, 387 F. Supp. 3d 715, 730 (S.D. Tex. 2018) ("under *Daimler*, the court may not exercise general jurisdiction in a state in which a corporation is not either incorporated or has its principal place of business unless it is an exceptional case where the corporation's contacts are so continuous and systematic as to render the corporation essentially at home in that state").

A plaintiff asserting a cause of action against a non-resident defendant bears the burden of presenting a *prima facie* case of personal jurisdiction. *Monkton.* 768 F.3d at 431; *Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir. 1990). A plaintiff may present a *prima facie* case by referring to uncontroverted allegations in the pleadings and/or and producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 204 (5th Cir. 1989). Any uncontroverted allegations in the plaintiff's pleading are to be taken as true, and any conflicts between the facts contained in the parties' affidavits must be construed in the plaintiff's favor. *Monkton*, 768 F.3d at 431 (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

Here, having considered the entire the record, the Magistrate Judge concludes that De Bree has not made out a *prima facie* case of personal jurisdiction as against Defendant Pacific SAS or Pacific Manpower, Ltd. As admitted by Plaintiff in his First Amended Complaint, Pacific SAS and Pacific Manpower, Ltd. are foreign corporations. While Plaintiff does allege that Pacific SAS and Pacific Manpower, Ltd. have their principal place of business and "nerve center" in Houston, Texas, those allegations are not only contested by Defendants, they are contested by Defendants with

6

evidence submitted by the parties in connection with other motions.[1]   In particular, there is in the record an Unsworn Declaration of Johannes Boots, who states that he is "employed as the manager of [Pacific SAS] and as the director of [Pacific Manpower, Ltd.]" that Pacific SAS "is a Luxembourg corporation with its principal place of business in Luxembourg," that Pacific SAS "maintains no offices in the state of Texas, has no employees in the state of Texas, and has no registered agent for service in the state of Texas," and that Pacific SAS "does not purposefully direct, conduct, or solicit business in the state of Texas nor otherwise maintain[] any other continuous or systematic contact in the state of Texas." (Document No. 4-3 at 1-2).   Johannes Boots also stated in his Declaration that Pacific Manpower, Ltd. "is a British Virgin Islands corporation with its principal place of business in the British Virgin Islands," that Pacific Manpower, Ltd. "maintains no offices in the state of Texas, has no employees in the state of Texas, and has no registered agent for service in the state of Texas," and that Pacific Manpower Ltd. "does not purposefully direct, conduct, or solicit business in the state of Texas nor otherwise maintain[] any other continuous or systematic contact in the state of Texas." (Document No. 4-3 at 1-2).  De Bree has not responded to this evidence of Defendants' principal places of business with any evidence of his own.   Consequently, given the contested allegations as to the location of Defendants' principal places of business and nerve centers, those jurisdictional allegations in De Bree's First Amended Complaint cannot serve to establish a *prima facie* case of personal jurisdiction over either Pacific SAS or Pacific Manpower, Ltd.

_____

[1] Very little was attached to Defendants' Motions to Dismiss as evidence of Defendants' principal places of business.  However, such evidence *is* in the record and was submitted in connection with Plaintiff's Motion to Remand and/or the previously resolved Motions to Dismiss filed by Defendants Pacific Drilling, Inc., Pacific Drilling Services, Inc. and Rex Covens. Defendants Pacific SAS and Pacific Manpower, Ltd. did not directly or clearly make reference to that evidence in their current Motions to Dismiss (as they should have), but such evidence is in the record.

As for whether there is any evidence in the record that could establish a *prima facie* case of personal jurisdiction, the Magistrate Judge finds none. De Bree does point to, and rely on, a Linkedin page showing Johannes Boots as located in Houston, as well as the fact that Rex Covens is, or was, based in Houston, as some evidence that Pacific SAS and Pacific Manpower, Ltd. have meaningful contacts with this forum. This "evidence," such as it is, does not tend to show that Pacific SAS or Pacific Manpower, Ltd. ever maintained their principal place(s) of business in this forum, which is what must be shown to establish personal jurisdiction in this case.[2] *Daimler*, 571 U.S. at 127-132, 137-139; *see also Lloyd's Syndicate 457 v. Am. Global Maritime, Inc.*, 346 F.Supp.3d 908, 935 (S.D. Tex. 2018) (the "'continuous and systematic contacts test [for general jurisdiction] is a difficult one to meet, requiring extensive contacts between a defendant and a forum'"). De Bree also argues that he should be able to conduct discovery on the personal jurisdiction issue and his theory that Pacific SAS and Pacific Manpower, Ltd. are, or should be considered, alter egos, of affiliated entities that <u>do</u> have their principal places of business in this forum. While an alter ego theory can support personal jurisdiction where one corporation controls another to such an extent that the two entities should be considered one and the same, *Lloyd's Syndicate 457,* 346 F.Supp.3d at 928-931, discovery designed to support an alter ego theory of personal jurisdiction is only warranted if there are issues of fact that need to be explored. *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.) ("[d]iscovery on matters of personal jurisdiction ... need not be permitted unless the motion to dismiss raises issues of fact"), cert. denied, 531 U.S. 979 (2000); *see also, e.g., Del Castillo v. PMI Holdings North America, Inc.*, Civil Action

---

[2] Specific jurisdiction does not exist because the injury made the basis of this suit occurred in the territorial waters of Spain and there are absolutely no allegations that any conduct of Defendants connected to the claim(s) in this case occurred in this forum.

8

No. 4:14-CV-03435, 2016 WL 3745953 *12, n. 23 (S.D. Tex. July 13, 2016) (denying jurisdictional discovery where there was no evidence or argument presented that controverted the evidence submitted by defendant as to its lack of jurisdictional contacts with the forum). In addition, there must be something more than a mere bald, conclusory alter ego allegations to justify the type of jurisdictional/alter-ego discovery De Bree seeks. *Bar Grp., LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 545 (S.D. Tex. 2017) ("When a plaintiff requests discovery on personal jurisdiction facts, it must make a 'preliminary showing of jurisdiction.'").

Here, De Bree offers nothing to suggest or show that Pacific SAS or Pacific Manpower, Ltd. are the alter egos of any parent, subsidiary or affiliate entity that has its principal place of business here. The organizational chart of the "Pacific" entities that De Bree himself submitted shows that both Pacific SAS and Pacific Manpower, Ltd. are well down the corporate hierarchy from the ultimate parent company, Pacific Drilling S.A. (which is based in Luxembourg), or any higher up United-States based affiliate (like Pacific Drilling, Inc., which has already been dismissed as having been fraudulently joined). *See* Pacific Drilling Group Chart (Document N. 8-2). In addition, there are no facts, allegations or argument set forth by De Bree that would support, or require further inquiry into, whether Pacific SAS and/or Pacific Manpower, Ltd. are, or were, the alter egos of any US-forum-based parent or affiliate company for purposes of personal jurisdiction.[3]  The evidence

---

[3] There are no facts or allegations that would allow the Court to impute the contacts of any higher-up US-based affiliate of Defendants to Defendants under an alter ego theory of personal jurisdiction. As a general matter, "[c]ourts presume the institutional independence of related corporations, such as a parent and subsidiary, when they determine if one corporation's contacts can be the basis of jurisdiction over a related corporation." *Alvarez v. Valero Refining-New Orleans, LLC*, Civil Action No. 11-2836, 2012 WL 893466 *3 (E.D. La. March 15, 2012). In order to attribute or impute one corporation's jurisdictional contacts with the forum to another corporation there must be "proof of control by [one corporation] over the internal business operations and affairs of [the other]". *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th

in the record, through sparse, only points to one conclusion – that Pacific SAS and Pacific Manpower, Ltd. are both foreign corporations with their principal places of business in the British Virgin Islands.  In the absence of a *prima facie* case of personal jurisdiction, *see Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. CV 13-373-SDD-EWD, 2016 WL 5799298, at *12 (M.D. La. Sept. 30, 2016) (rejecting Plaintiff's argument that its allegations of a "single business entity" was sufficient to raise a *prima facie* case of personal jurisdiction), or a dispute of fact entitling De Bree to jurisdictional discovery, Defendants' Rule 12(b)(2) Motions to Dismiss should be granted. *See e.g., Bar Grp.*, 215 F.Supp.3d at 562 (dismissing defendant for lack of personal jurisdiction without allowing jurisdictional discovery where a preliminary showing of jurisdiction had not been made and request for discovery was based on mere speculation as to jurisdiction).

In addition, notwithstanding that personal jurisdiction determination, De Bree's claims against Defendants Pacific SAS and Pacific Manpower, Ltd. should be dismissed for failure to state a claim.

---

Cir. 1983).  Several factors are considered when determining whether there is such control, including, whether: "(1) distinct and adequately capitalized financial units are incorporated and maintained; (2) daily operations of the two corporations are separate; (3) formal barriers between management of the two entities are erected, with each functioning in its own best interests; and (4) those with whom the corporations come in contact are apprised of their separate identity. Other factors deemed important by the commentators and Texas courts are: (1) common stock ownership; (2) the method and degree of financing of the subsidiary by the parent; (3) common directors or officers; (4) separate books and accounts; (5) common business departments; (6) extent to which contracts between parent and subsidiary favor one over the other; and (7) connection of parent's employee, officer or director to subsidiary's tort or contract giving rise to suit." *Id.* at 1162–63.

Here, not only are there are no factual allegations that relate to any of these factors, none of De Bree's allegations could even more generally be used to show that Defendants are the alter ego of a specific US-based affiliate for purposes of general jurisdiction.

**B.      Failure to State a Claim**

Defendants Pacific SAS and Pacific Manpower, Ltd. contend that De Bree cannot maintain a personal injury claim against them given that he is a citizen of the Netherlands, Pacific SAS and Pacific Manpower, Ltd. are foreign corporations with their principal places of business outside this forum, and the incident and injuries about which Plaintiff complains occurred in the territorial waters of Spain. According to Defendants, because 46 U.S.C. §30105(b) statutorily precludes the litigation of such claims in this forum, De Bree has not and cannot state a claim against them within the meaning of FED. R. CIV. P. 12(b)(6).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

11

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

Here, 46 U.S.C. § 30105(b), known as the foreign seaman exclusion, specifically restricts the type of claim alleged by De Bree in this case – by a non-citizen, for injuries occurring outside of the United States' territorial waters, while employed by a foreign corporation engaged in offshore mineral or energy exploration and/or production.[4] Section 30105(b) provides in this regard, as follows:

> Except as provided in subsection (c), a civil action for maintenance and cure or for damages for personal injury or death may not be brought under a maritime law of the United States if—
>
> (1) the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action;
>
> (2) the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States; and
>
> (3) the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources, including drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment, or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces.

---

[4] The charter agreement shows (Document No. 11-4), and De Bree does not contest, that Defendants were engaged in exploration and drilling operations.

12

Section 30105(c) does provide an exception to this foreign seaman exclusion if "the individual bringing the action establishes that a remedy is not available under the laws of-- (1) the country asserting jurisdiction over the area in which the incident occurred; or (2) the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident," but De Bree has not alleged, or even suggested, that a remedy is not available for his alleged injuries in Spain (where the injury occurred), or the Netherlands (where De Bree has citizenship).  De Bree does argue that discovery should be allowed on the § 30105(c) exception to the foreign seaman exclusion, but he doesn't articulate what discovery would be needed so that he could merely allege the applicability of the § 30105(c) exception.  Nor has De Bree asked for leave to further amend his pleadings.  Here, where it is clear that the foreign seaman exclusion applies, and where De Bree has not alleged, or sought leave to allege, that the exception to the foreign seaman exclusion applies, De Bree has not stated a claim against Defendants Pacific SAS and Pacific Manpower, Ltd. for which relief may be granted in this case. *De La Cruz v. Gulf Coast Marine & Assocs., Inc.*, No. 9-09-CV-167 TJW, 2011 WL 846100, at *7 (E.D. Tex. Mar. 7, 2011) (dismissing Jones Act and federal maritime claims where Plaintiff was a Mexican national having been injured in Mexico's territorial waters and Plaintiff did not allege that a remedy was unavailable under the laws of Mexico).  Accordingly, De Bree's claims against Defendants Pacific SAS and Pacific Manpower, Ltd. should also be dismissed pursuant to Rule 12(b)(6).

13

## III.    Conclusion and Recommendation

Based on the foregoing, and the conclusion that De Bree has not established a *prima facie* case of personal jurisdiction over Defendants Pacific SAS and Pacific Manpower, Ltd., and that Plaintiff De Bree has failed to state a plausible claim against Defendants in light of the foreign seaman exclusion in 46 U.S.C. § 30105(b), the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 31 & 32) be GRANTED and that Plaintiff Breen De Bree's claims against Defendants Pacific Santa Ana Sarl and Pacific Drilling Manpower, Ltd. be DISMISSED pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(6).

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.   Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.   Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).   Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).   The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this ____29th____ day of October, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

14