United States District Court
Southern District of Texas
**ENTERED**
March 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BREEN DE BREE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-cv-4711 |
| § | |
| PACIFIC DRILLING, INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is the Defendant Pacific Drilling Services, Inc.'s ("Pacific") Motion to Reopen and for Injunctive Relief. (Doc. No. 50). The Plaintiff Breen De Bree ("De Bree") filed a response (Doc. No. 51) and Pacific filed a reply (Doc. No. 52). After considering the motion, briefing, and applicable law, the Court denies the motion.

### I.     Background

This case was a maritime-law case in which De Bree alleged he was injured while working on board a ship, the Pacific Santa Ana. (Doc. No. 1-2 at 3–4). The Defendants were as follows: Pacific Drilling Services, Inc., Pacific Drilling, Inc., (collectively the "American Defendants"), an individual Rex Covens ("Covens"), Pacific Drilling Manpower, Ltd., and Pacific Santa Ana Sarl (collectively, the "Foreign Defendants"). After various motions filed by different parties, this Court dismissed: the American Defendants because neither of the American Defendants either employed De Bree or owned the Pacific Santa Ana when De Bree was injured, so De Bree had no chance of recovery against them, (*see* Doc. No 33 at 4–5); Covens because, as pleaded, De Bree had no chance of recovery against him under maritime law as they were co-employees, (*see* Doc. No. 42); and the case against the Foreign Defendants because the Court could not exercise personal jurisdiction over them (*see* Doc. No. 47 & 49).

Now, De Bree has filed a petition in Texas state court under Texas Rule of Civil Procedure 202.1, which authorizes the taking of depositions either:

> (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or
> (b) to investigate a potential claim or suit.

Tex. R. Civ. Pro. 202.1. Pacific contends that it is entitled to an injunction from this Court because the discovery that De Bree seeks is on issues that have already been litigated and decided in this Court. (*See* Doc. No. 50). It requests that this Court reopen the original case and enjoin the state court proceedings. (*Id.*).

## II. Analysis

Generally, the Anti-Injunction Act prevents federal courts from enjoining state courts:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C.A. § 2283. The Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The last exception, "to protect or effectuate its judgments," is commonly referred to as the "relitigation exception." *See Aptim Corp. v. McCall*, 888 F.3d 129, 143 (5th Cir. 2018). The relitigation exception was "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Id.* (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)).

The Fifth Circuit uses a four-part test to determine whether the relitigation exception to the Anti-Injunction Act applies: "(1) the parties in a later action must be identical to (or at least in privity with) the parties in a prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final

judgment on the merits; and (4) the same claim or cause of action must be involved in both suits." *Regions Bank of La. v. Rivet*, 224 F.3d 483, 488 (5th Cir. 2000) (internal quotations omitted).

De Bree contends that this Court is without jurisdiction over the Rule 202 proceeding. Without addressing the relitigation exception, De Bree argues that, because his Rule 202 petition would not be removable to federal court, this Court also lacks jurisdiction to enjoin it. (*See* Doc. No. 51).[1] This argument misses the mark. When deciding whether to enjoin a state court action under the relitigation exception, the "Court's jurisdiction to [do so] follows that of the original suit." *Carey v. Sub Sea Intern., Inc.*, 121 F. Supp. 2d 1071, 1073 (E.D. Tex. 2000), *aff'd*, 285 F.3d 347 (5th Cir. 2002).

Despite this, the Court still declines to grant the requested relief. In his Rule 202 petition, De Bree merely requests the right to engage in discovery to determine which parties might actually be responsible for his injuries. In filing his new state court petition, De Bree seeks only discovery per Rule 202.1, and in this Court he specifically denies his current suit in state court is for the purpose of seeking damages. (Doc. Nos. 50-2, 55). The Court holds that the requested relief pursuant to Rule 202.1 of the Texas Rules of Civil Procedure does not jeopardize its prior holdings such that an injunction would be warranted "to protect or effectuate its judgments."

### III. Conclusion

For the foregoing reasons, the Court denies the motion to reopen the case and for injunctive relief (Doc. No. 50).

Signed at Houston, Texas, this _10th_ day of March, 2021.

Andrew S. Hanen
United States District Judge

---

[1] The Court notes that none of its prior orders of dismissal equates to a final judgment on the merits.